**SHALCHI BURCH LLP**
ALI SHALCHI (SBN 239164)
AS@SHALCHIBURCHLLP.COM
TRAVIS J. BURCH (SBN 216175)
TB@SHALCHIBURCHLLP.COM
23 Corporate Plaza Dr., Ste. 150
Newport Beach, California 92660
Telephone: (949) 359-0334
Facsimile: (949) 326-0083

Attorneys for Plaintiff
01Consulting LLC d/b/a MEDDIC Academy

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 01CONSULTING LLC d/b/a MEDDIC ACADEMY, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SALESHOOD, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 8:23-CV-01487<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT;**<br>**(2) FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(A))**<br>**(3) UNFAIR COMPETITION (Lanham Act);**<br>**(4) UNFAIR COMPETITION (Common Law);**<br>**(5) VIOLATION OF CAL. BUS. & PROF. CODE §17200);**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff 01Consulting LLC d/b/a MEDDIC Academy ("01Consulting" or "Plaintiff") brings this action against Defendant Saleshood, Inc. ("Saleshood" or "Defendant") for injunctive relief and damages based on trademark infringement, false designation of origin, unfair competition, and violation of California Business and Professions Code and alleges as follows:

**COMPLAINT**

- 1 -

## NATURE OF THE ACTION

1. This action arises from the authorized use by Defendant of 01Consulting's registered trademark in the sale and marketing of educational materials in the field of business. Defendant's actions constitute infringement of 01Consulting's trademark, false designation of origin, and unfair competition. 01Consulting seeks to enjoin Defendant's actions and recover damages as set forth below.

## THE PARTIES

2. Plaintiff 01Consulting LLC is a limited liability company, organized and existing under the laws of the State of California, doing business in this judicial district, and having a principal place of business at 1133 Camelback St. #13128, Newport Beach, CA 92658. Plaintiff markets and sells products to customers throughout California and this judicial district, including Orange County.

3. On information and belief, Defendant Saleshood, Inc., is a Delaware Corporation, and does business in this judicial district including Orange County. On information of belief, Defendant has a principal place of business at 595 Pacific Avenue, Suite 120, San Francisco, CA 94133.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1331, 1337, and 1338 because the suit arises under the trademark laws of the United States, including 15 U.S.C. §§ 1125, and pendant jurisdiction of any and all state causes of action under 28 U.S.C. § 1367. This Court has personal jurisdiction over Defendant because, inter alia, on information and belief, Defendant transacts business in the Central District of California. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim for trademark infringement, unfair competition, false advertising, and related claims, occurred in this District.

5. Plaintiff is informed and believes and on that basis alleges that Defendant has advertised, sold and/or distributed the infringing goods in this judicial district.

## GENERAL ALLEGATIONS

6. Plaintiff operates a Global Sales Academy for Enterprise Sales Forces, offering in-person and online learning experiences. With customers such as S&P Global, Cisco, Google, Amazon together with hundreds of other customers, and recognized by Gartner in their Magic Quadrant for Sales Training Providers, MEDDIC Academy educates sales forces who target B2B or Enterprise clients, to increase sales performance and revenue through modern learning techniques which include self-paced eLearning, bite-sized courses, vILT (Virtual Instructor-Led Training), virtual workshops, in-person trainings, in-person workshops, coaching, and management training in a blended learning mode. Plaintiff services clients throughout the United States and globally.

7. Plaintiff is the exclusive licensee, with all right, title and interest in U.S. Trademark Registration No. 6,489,058 for the mark MEDDPICC (the "Mark" or the "Trademark"). The Mark is registered in connection with the following goods and services:

> CLASS 9: downloadable educational e-books in the field of business; downloadable educational video recordings featuring business lectures; and
>
> CLASS 41: Education services, namely, providing on-line courses via non-downloadable videos in the field of business; Education services, namely, providing online non-downloadable educational course materials in the field of business; providing online non-downloadable educational e-books in the field of business.

A true and correct copy of Plaintiff's trademark registration certificate is attached as **Exhibit A**. Plaintiff has continuously used the mark in commerce since at least July 1, 2013. Plaintiff has developed and continues to develop a strong reputation in the United States and abroad, along with significant goodwill in the Mark, through its continuous and exclusive use of the mark over the years. The Mark symbolizes the business reputation and goodwill of Plaintiff, and is an intangible asset of substantial commercial value.

8. Plaintiff advertises and promotes its products in a niche national market, including in such venues as Amazon.com and Plaintiff's website (https://meddic.academy.com). Sales, advertising and promotion of MEDDPICC products since inception have been substantial in Plaintiff's niche marketplace. As a result of such continuous use and extensive sales,

advertising and promotion of products under the Mark by Plaintiff and its authorized dealers, licensees, and distributors, the Mark enjoys recognition and notoriety in the United States in Plaintiff's niche market place, and is recognized by the consuming public as emanating from Plaintiff.

9. Plaintiff advertises and promotes its products in a niche national market, including in advertising platforms such as Google, Bing, or Amazon.com, social media platforms such as LinkedIn, Facebook, Twitter and Instagram as well as Plaintiff's websites (https://meddic.academy.com, https://meddpicc.net and 01consulting.net). Sales, advertising and promotion of MEDDPICC products since inception have been substantial in Plaintiff's niche marketplace. As a result of such continuous use and extensive sales, advertising and promotion of products under the Mark by Plaintiff and its clients testimonials and partners, the Mark enjoys recognition and notoriety in the United States in Plaintiff's niche market place, and is recognized by the consuming public as emanating from Plaintiff. Many websites and publications in this niche market recognize the MEDDPICC mark, and recognize Plaintiff as the owner and originator thereof, by hyperlinking the term to Plaintiff's website or otherwise attributing it to Plaintiff. *See* **Exhibit B**.

10. Plaintiff believes, based on factors such as feedback in its distribution channels, that it has many repeat customers for its products. That is, customers who purchase Plaintiff's products are likely to purchase other products from Plaintiff. Similarly, customers who purchased Defendant's infringing products, perhaps in the belief that they were Plaintiff's products, are likely to purchase other of Defendant's products. As such, Plaintiff has lost sales as a direct result of Defendant's infringement, not only for each infringing product purchase by Defendant's customers, but also indirectly due to Defendant's sales of related products to customers that have purchased the infringing products. Not only would Defendant generate such additional sales of their other products, making additional profits due to the initial infringement, but Plaintiff would also lose sales of other products it would otherwise have sold to the same customer but for the initial infringing sale. Each sale of an infringing product by Defendant is thus likely to create additional lost sales for Plaintiff.

11. Defendant uses an identical mark (*i.e.,* MEDDPICC) in connection with the same or similar goods and services, in some cases in direct competition with Plaintiff, as evidenced by the following exemplary selection of pages from Defendant's website (https://saleshood.com/) and YouTube channel (https://www.youtube.com/@Saleshood):

- MEDDPICC by Saleshood Launch Event (https://saleshood.com/webinars/meddpicc/)
- https://saleshood.com/sales-training/meddpicc/ ("MEDDPICC by Saleshood - MEDDPICC resources, guides and sales training curriculum")
- https://saleshood.com/meddpicc/ ("MEDDPICC Training-Consistently close deals and renew customers. Explore our comprehensive resources")
- https://saleshood.com/blog/increase-sales-efficiency-meddpicc/ ("Increase Sales Efficiency with MEDDPICC: A Step-by-Step Guide")
- https://saleshood.com/pricing/ (Offering "MEDDDPICC Training" as part of its Premium sales enablement plan)
- https://www.youtube.com/watch?v=QzSS43zcUrQ ("Introducing MEDDPICC by SalesHood")
- https://www.youtube.com/watch?v=xBTVp6UPjTo ("MEDDPICC by SalesHood Explainer")

*See* **Exhibit C**. On information and belief, Defendant markets and sells its products and services to customers nationwide and abroad. As indicated, this includes Defendant's use of the Mark in connection with sales training videos, as well live and virtual training workshops (*i.e.*, same or similar goods/services to that of the Mark and Plaintiff's use thereof in commerce). Defendant's use of the same mark in connection with same/similar goods and services is likely to cause consumer confusion and thus constitutes trademark infringement in a violation of Plaintiff's trademark rights. On or about April 23, 2023, Plaintiff provided written notice to Defendant that its use of MEDDPICC infringed Plaintiff's trademark rights in the Mark. Defendant did not agree to cease its use of the Mark.

## FIRST CAUSE OF ACTION

**(Trademark Infringement under the Lanham Act)**

12. Plaintiff repeats and incorporates by reference the statements and allegations in

the above paragraphs as though fully set forth herein.

13. Defendant's wrongful use of the Mark in connection with confusingly similar products falsely indicates to consumers that Defendant's services originate from, are approved by, bare sponsored by, are licensed by, or are affiliated with Plaintiff or are otherwise associated with its services. This use is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties by suggesting some affiliation, connection, or association of Defendant with Plaintiff.

14. Defendant's actions, as set forth above, constitute trademark infringement of a non-federally registered mark and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125, all to the damage of Plaintiff as described herein.

15. Upon information and belief, as a direct and proximate result of Defendant's actions in misappropriating Plaintiff's trademark, Plaintiff has suffered actual damages in an amount yet to be determined, including but not limited to damages to Plaintiff's reputation, loss of good will, lost sales and revenues, diminution in the value of Plaintiff's business, and lost sales of Plaintiff's related products as a result of Defendant's infringing activities, and subject to proof at trial and future retention of expert witnesses regarding such damages and other damages set forth in this complaint.

16. Upon information and belief, as a direct and proximate result of Defendant's use of the Mark, Plaintiff will need to conduct a corrective advertising campaign to alleviate existing and ongoing future confusion in the marketplace, in an amount to be determined.

17. Upon information and belief, as a direct and proximate result of Defendant's actions in misappropriating Plaintiff's trademark, Defendant have made gross sales (and profits thereon) from its wrongful activities as alleged herein, which belong in equity and should be turned over to Plaintiff, both as unjust enrichment from Defendant's wrongful acts, and/or as a measure of Plaintiff's damages.

18. Defendant's acts have caused and will continue to cause irreparable harm to Plaintiff unless restrained by this Court. Plaintiff has no adequate remedy at law. Accordingly, Plaintiff is entitled to an order enjoining and restraining Defendant, during the pendency of this

action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, offering for sale or selling the infringing products.

## SECOND CAUSE OF ACTION

**(False Designation of Origin in Violation of 15 U.S.C. § 1125(a))**

19. Plaintiff repeats and incorporates by reference the statements and allegations in the above paragraphs as though fully set forth herein.

20. Defendant's use of the Mark in connection with the sale, offering for sale, distribution, and advertising of goods and services is a false designation of origin and a false representation and wrongfully and falsely designates the origin of Defendant's good and services as originating from, being associated or affiliated with, or being sanctioned, endorsed, approved, or authorized by Plaintiff in violation of 15 U.S.C. §1125(a).

21. Defendant's use of the Mark in connection with Defendant's goods and services is likely to cause confusion or mistake among the consuming public, or to deceive them as to the affiliation, connection, endorsement, sponsorship, or association of Plaintiff with Defendant and its goods and services.

22. Defendant acted willfully and intentionally in using the Mark to cause confusion and mistake as to the affiliation, connection, endorsement, sponsorship, or association of Plaintiff with Defendant and its goods and services. The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

23. As a result of Defendant's false designation of origin, the Plaintiff has suffered substantial injury, including the continuing loss of goodwill and reputation established by Plaintiff in its Mark. The continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law.

## THIRD CAUSE OF ACTION

**(Unfair Competition under the Lanham Act)**

24. Plaintiff repeats and incorporates by reference the statements and allegations in the above paragraphs as though fully set forth herein.

25. Defendant's wrongful use of the confusingly similar Mark in connection with

similar goods falsely indicates to consumers that Defendant's services originate from, are approved by, bare sponsored by, are licensed by, or are affiliated with Plaintiff or are otherwise associated with its services.

26. Defendant's wrongful use of the Mark in the manner described above is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties by suggesting some affiliation, connection, or association of Defendant with Plaintiff.

27. Defendant's actions, as set forth above, constitute unfair competition, including passing off, in violation of the Lanham Act, 15 U.S.C. § 1125(a), all to the damage of Plaintiff as described herein.

28. Upon information and belief, as a direct and proximate result of Defendant's actions in passing off of Plaintiff's trademark, Plaintiff has suffered actual damages in an amount yet to be determined, including but not limited to damages to Plaintiff's reputation, loss of good will, lost sales and revenues, diminution in the value of Plaintiff's business, and lost sales of Plaintiff's related products as a result of Defendant's infringing activities, and subject to proof at trial and future retention of expert witnesses regarding such damages and other damages set forth in this complaint.

29. Upon information and belief, as a direct and proximate result of Defendant's actions, Defendant have made gross sales (and profits thereon) from its wrongful activities as alleged herein, which belong in equity and should be turned over to Plaintiff, both as unjust enrichment from Defendant's wrongful acts, and/or as a measure of Plaintiff's damages.

30. Defendant's acts have caused and will continue to cause irreparable harm to Plaintiff unless restrained by this Court. Plaintiff has no adequate remedy at law. Accordingly, Plaintiff is entitled to an order enjoining and restraining Defendant, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, offering for sale or selling the infringing products.

## FOURTH CAUSE OF ACTION

**(Unfair Competition and False Advertising - California Common Law)**

31. Plaintiff repeats and incorporates by reference the statements and allegations in in

the above paragraphs as though fully set forth herein.

32. Defendant's wrongful use of the Mark falsely indicates to consumers that Defendant's services originate from, are approved by, bare sponsored by, are licensed by, or are affiliated with Plaintiff or are otherwise associated with its services.

33. Defendant's wrongful use of the above intellectual property in the manner described above is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties by suggesting some affiliation, connection, or association of Defendant with Plaintiff.

34. Upon information and belief, as a direct and proximate result of Defendant's actions in passing off of Plaintiff's trademark, Plaintiff has suffered actual damages in an amount yet to be determined, including but not limited to damages to Plaintiff's reputation, loss of good will, lost sales and revenues, diminution in the value of Plaintiff's business, and lost sales of Plaintiff's related products as a result of Defendant's infringing activities, and subject to proof at trial and future retention of expert witnesses regarding such damages and other damages set forth in this complaint.

35. Upon information and belief, as a direct and proximate result of Defendant's actions, Defendant have made gross sales (and profits thereon) from its wrongful activities as alleged herein, which belong in equity and should be turned over to Plaintiff, both as unjust enrichment from Defendant's wrongful acts, and/or as a measure of Plaintiff's damages.

36. Defendant's acts have caused and will continue to cause irreparable harm to Plaintiff unless restrained by this Court. Plaintiff has no adequate remedy at law. Accordingly, Plaintiff is entitled to an order enjoining and restraining Defendant, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, offering for sale or selling the infringing products.

37. Defendant's acts, as set forth above, constitute unfair competition and false advertising under the common law of the State of California, all to the damage of Plaintiff as previously alleged.

**COMPLAINT**

- 9 -

## FIFTH CAUSE OF ACTION

### (Unfair Competition – California Business and Professions Code §17200 et seq.)

38. Plaintiff repeats and incorporates by reference the statements and allegations in the above paragraphs as though fully set forth herein.

39. Defendant's wrongful use of the Mark falsely indicates to consumers that Defendant's services originate from, are approved by, bare sponsored by, are licensed by, or are affiliated with Plaintiff or are otherwise associated with its services.

40. Defendant's wrongful use of the above intellectual property in the manner described above is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties by suggesting some affiliation, connection, or association of Defendant with Plaintiff.

41. Upon information and belief, as a direct and proximate result of Defendant's actions in passing off of Plaintiff's trademark, Plaintiff has suffered actual damages in an amount yet to be determined, including but not limited to damages to Plaintiff's reputation, loss of good will, lost sales and revenues, diminution in the value of Plaintiff's business, and lost sales of Plaintiff's related products as a result of Defendant's infringing activities, and subject to proof at trial and future retention of expert witnesses regarding such damages and other damages set forth in this complaint.

42. Upon information and belief, as a direct and proximate result of Defendant's actions, Defendant have made gross sales (and profits thereon) from its wrongful activities as alleged herein, which belong in equity and should be turned over to Plaintiff, both as unjust enrichment from Defendant's wrongful acts, and/or as a measure of Plaintiff's damages.

43. Defendant's acts have caused and will continue to cause irreparable harm to Plaintiff unless restrained by this Court. Plaintiff has no adequate remedy at law. Accordingly, Plaintiff is entitled to an order enjoining and restraining Defendant, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, offering for sale or selling the infringing products.

44. Defendant's acts, as set forth above, constitute unfair competition and false

advertising, and unfair and deceptive trade practices, as defined in California Business and Professions Code §§ 17200-17210, and §17500 et seq., all to the damage of Plaintiff as previously alleged.

## DAMAGES

45. Plaintiff repeats and incorporates by reference the statements and allegations in the preceding paragraphs of the Complaint as though fully set forth herein.

46. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer until Defendant are enjoined, the following damages, and those alleged above:

    A. Actual damages, including but not limited to loss of sales, and reputation damages, in an amount to be determined at trial and after discovery and testimony.

    B. Enhanced damages for willful infringement.

    C. Defendant's sales as a measure of Plaintiff's damages, in an amount to be determined at trial and after discovery and testimony.

47. Upon information and belief, Defendant knew that their unauthorized use of a mark confusingly similar to Plaintiff's mark would result in an undue benefit to Defendant.

48. Defendant's unauthorized and confusingly similar use of Plaintiff's trademark unjustly enriches Defendant at the expense of Plaintiff's reputation and goodwill, in amount to be determined at trial and subject to discovery and testimony.

49. The cost of a corrective advertising campaign in an amount to be determined at trial and subject to discovery and testimony.

## ATTORNEYS' FEES

50. Plaintiff repeats and incorporates by reference the statements and allegations in the preceding paragraphs of the Complaint as though fully set forth herein.

51. This is an exceptional case, and one of deliberate infringement, such that Plaintiff is entitled to an award of attorney fees.

## PUNITIVE DAMAGES

52. Plaintiff is entitled to punitive damages under California law as a result of Defendant's wrongful acts as alleged herein, which are fraudulent, malicious, and oppressive, and with reckless disregard for the rights of Plaintiff, in violation of Cal. Civil Code § 3291.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks that this Court grant judgment against Defendant for the following relief.

Defendant, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be temporarily restrained, and preliminarily and permanently enjoined from its continuing wrongful acts, including but not limited to the following:

1) Using the designation MEDDPICC or any other confusingly similar designation, in connection with their products, or related goods or services.

2) Competing unfairly with Plaintiff in any manner, including unlawfully adopting or infringing on Plaintiff's MEDDPICC mark or adopting any other marks or designations that are confusingly similar to Plaintiff's mark.

3) Conspiring with, aiding, assisting, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (1) and (2) above.

4) Defendant, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, deliver for destruction, or show proof of destruction of, any and all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements, and any other materials in its possession or control that depict or reference the infringing mark or any other confusingly or substantially similar mark, and any materials or articles used for making or reproducing the same, as provided by 15 U.S.C. § 1118.

5) Defendant file with the court and serve on Plaintiff, within 30 days after the entry and service on Defendant of an injunction, a report in writing and attested to under penalty of perjury setting forth in detail the manner and form in which Defendant

have complied with the provisions of subparagraphs (A) and (B) above.

   6) Plaintiff recover all damages it has sustained as a result of Defendant's infringement and unfair competition and other wrongful activities.

   7) Plaintiff be awarded punitive damages under the unfair competition law.

   8) An accounting be directed to determine Defendant's profits resulting from its infringement and unfair competition and that the profits be paid over to Plaintiff, increased as the court determines is appropriate to the circumstances of this case.

   9) Plaintiff recover its costs of this action and pre-judgment and post-judgment interest, and attorneys' fees, to the fullest extent allowed by law.

   10) Defendant be required to recall all inventory of infringing products which has been shipped to retailers or distributors but not yet sold as of the filing date of this Complaint.

   11) Plaintiff receive all other relief the court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by the jury on its claims herein and all issues and claims so triable in this action.

Respectfully submitted,

Dated: August 11, 2023   **SHALCHI BURCH LLP**

By: */Ali Shalchi/*
  Ali Shalchi, Esq.
  Travis J. Burch, Esq.
  Attorneys for Plaintiff
  01CONSULTING LLC

**COMPLAINT**

- 13 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2023, I electronically filed the foregoing COMPLAINT FOR: TRADEMARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN; UNFAIR COMPETITION; UNFAIR COMPETITION (COMMON LAW); and VIOLATION OF CAL. B&P §17200) with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

DATED: August 8, 2023          **SHALCHI BURCH LLP**

By /Ali Shalchi/
Ali Shalchi, Esq.
Travis J. Burch, Esq.
Attorneys for Plaintiff
01CONSULTING LLC