Jura C. Zibas (SBN 217864)
*Jura.Zibas@wilsonelser.com*
Peter K. Chu (SBN 251705)
*Peter.Chu@wilsonelser.com*
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 443-5100
Facsimile: (213) 443-5101

Attorneys for Defendants
SALESHOOD, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 01CONSULTING LLC D/B/A MEDDIC ACADEMY, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SALESHOOD, INC., a Delaware Corporation,<br><br>Defendants.<br>―――――――――――――――<br>SALESHOOD, INC., a Delaware Corporation,<br><br>Counterclaimant,<br><br>v.<br><br>01CONSULTING LLC D/B/A MEDDIC ACADEMY and DARIUS LAHOUTIFARD<br><br>Counter-Defendants | Case No.: 8:23-cv-01487-MEMF-JDE<br>Hon. Maame Ewusi-Mensah Frimpong, Presiding<br>Courtroom 8B<br>Hon. John D. Early, Magistrate Judge<br>Courtroom 6A<br><br>**SALESHOOD, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant SALESHOOD, INC. ("Defendant," "Counter-Claimant," or "Saleshood"), in answer to Complaint by 01CONSULTING LLC D/B/A MEDDIC ACADEMY ("Plaintiff," "Counter-Defendant," or "01 Consulting"), alleges as follows:

1

## NATURE OF THE ACTION

1. Answering Paragraph 1 of Complaint, said paragraph states unsupported conclusion of Plaintiff. To the extent a response to Paragraph 1 of Complaint is required, Defendant denies the allegations therein.

## THE PARTIES

2. Answering Paragraph 2 of Complaint, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies all of the allegations contained therein.

3. Answering Paragraph 3 of Complaint, Defendant admits to the extent that it is a corporation organized under the laws of Delaware and has an office located at 595 Pacific Avenue, Suite 120, San Francisco, CA 94133. The remaining balance of the paragraph contains a statement of law, which does not require response, and to that extend denied.

## JURISDICTION AND VENUE

4. Answering Paragraph 4 of Complaint, said paragraph states a conclusion of law, to which no response is required. Defendant admits that this Court has federal subject matter jurisdiction over the Lanham Act pursuant to 28 U.S.C. §1331, 1337, 1338, and 1125 and may exercise pendant jurisdiction under 28 U.S.C. §1367. Defendant denies any other factual allegations therein.

5. Answering Paragraph 5 of Complaint, Defendant denies.

## GENERAL ALLEGATIONS

6. Answering Paragraph 6 of Complaint, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies all of the allegations contained therein.

7. Answering Paragraph 7 of Complaint, Defendant admits to the extent that there is a trademark registration with the number 6,489,058. However,

Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegation that Plaintiff is the exclusive licensee, with a right to sue. Defendant denies all other allegations contained therein.

8. Answering Paragraph 8 of Complaint, Defendant denies.

9. Answering Paragraph 9 of Complaint, Defendant admits an Exhibit B is attached to Complaint without admitting the statements included. Defendant denies all other allegations therein.

10. Answering Paragraph 10 of Complaint, Defendant denies.

11. Answering Paragraph 11 of Complaint, Defendant admits to the extent that Defendant markets and sells its products and services to its customers. Defendant denies that MEDDPICC is a valid trademark and denies that it can be used as a trademark. Defendant denies all other allegations in Paragraph 11.

## FIRST CAUSE OF ACTION

### (Trademark Infringement under the Lanham Act)

12. Answering Paragraph 12 of Complaint, Defendant realleges and incorporates by reference all foregoing paragraphs as though fully set forth in full herein.

13. Answering Paragraph 13 of Complaint, Defendant denies.

14. Answering Paragraph 14 of Complaint, Defendant denies.

15. Answering Paragraph 15 of Complaint, Defendant denies.

16. Answering Paragraph 16 of Complaint, Defendant denies.

17. Answering Paragraph 17 of Complaint, Defendant denies.

18. Answering Paragraph 18 of Complaint, Defendant denies.

## SECOND CAUSE OF ACTION

### (False Designation of Origin in Violation of 15 U.S.C. §1125(a))

19. Answering Paragraph 19 of Complaint, Defendant realleges and incorporates by reference all foregoing paragraphs as though fully set forth in full herein.

1     20.     Answering Paragraph 20 of Complaint, Defendant denies.

2     21.     Answering Paragraph 21 of Complaint, Defendant denies.

3     22.     Answering Paragraph 22 of Complaint, Defendant denies.

4     23.     Answering Paragraph 23 of Complaint, Defendant denies.

## THIRD CAUSE OF ACTION

### (Unfair Competition under the Lanham Act)

24. Answering Paragraph 24 of Complaint, Defendant realleges and incorporates by reference all foregoing paragraphs as though fully set forth in full herein.

25. Answering Paragraph 25 of Complaint, Defendant denies.

26. Answering Paragraph 26 of Complaint, Defendant denies.

27. Answering Paragraph 27 of Complaint, Defendant denies.

28. Answering Paragraph 28 of Complaint, Defendant denies.

29. Answering Paragraph 29 of Complaint, Defendant denies.

30. Answering Paragraph 30 of Complaint, Defendant denies.

## FOURTH CAUSE OF ACTION

### (Unfair Competition and False Advertising - California Common Law)

31. Answering Paragraph 31 of Complaint, Defendant realleges and incorporates by reference all foregoing paragraphs as though fully set forth in full herein.

32. Answering Paragraph 32 of Complaint, Defendant denies.

33. Answering Paragraph 33 of Complaint, Defendant denies.

34. Answering Paragraph 34 of Complaint, Defendant denies.

35. Answering Paragraph 35 of Complaint, Defendant denies.

36. Answering Paragraph 36 of Complaint, Defendant denies.

37. Answering Paragraph 37 of Complaint, Defendant denies.

## FIFTH CAUSE OF ACTION

### (Unfair Competition – California Business and Professions Code §17200 et seq.)

38. Answering Paragraph 38 of Complaint, Defendant realleges and incorporates by reference all foregoing paragraphs as though fully set forth in full herein.

39. Answering Paragraph 39 of Complaint, Defendant denies.

40. Answering Paragraph 40 of Complaint, Defendant denies.

41. Answering Paragraph 41 of Complaint, Defendant denies.

42. Answering Paragraph 42 of Complaint, Defendant denies.

43. Answering Paragraph 43 of Complaint, Defendant denies.

44. Answering Paragraph 44 of Complaint, Defendant denies.

## DAMAGES

45. Answering Paragraph 45 of Complaint, Defendant realleges and incorporates by reference all foregoing paragraphs as though fully set forth in full herein.

46. Answering Paragraph 46 of Complaint, Defendant denies.

47. Answering Paragraph 47 of Complaint, Defendant denies.

48. Answering Paragraph 48 of Complaint, Defendant denies.

49. Answering Paragraph 49 of Complaint, Defendant denies.

## ATTORNEYS' FEES

50. Answering Paragraph 50 of Complaint, Defendant realleges and incorporates by reference all foregoing paragraphs as though fully set forth in full herein.

51. Answering Paragraph 51 of Complaint, Defendant denies.

## PUNITIVE DAMAGES

52. Answering Paragraph 52 of Complaint, said paragraph is merely Plaintiff's legal conclusion and is subject to motion to be dismissed or stricken. Defendant denies any and all allegations therein.

## PRAYER FOR RELIEF

Plaintiff's PRAYER FOR RELIEF does not require a response. Defendant

denies any and all factual allegation thereunder.

## DEFENSES

In further answer to Complaint, Defendant asserts the following separate defenses and factual support for each defense on information and belief. By alleging the separate defenses set forth below, Defendant intends no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issue at law or in equity. Furthermore, all such defenses are pled in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever. Defendant reserves the right to assert additional facts and to raise additional defenses as they become known to it through discovery or investigation.

## FIRST DEFENSE
(Failure to State a Cause of Action)

1. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to state a claim for any of its claims as "MEDDPICC" ("Subject Mark") is not a valid trademark and is subject to cancellation as further stated in Defendant's Counterclaims. Further, Defendant removed all uses of the Subject Mark, without admitting the validity of the Subject Mark or any liability, which Defendant expressly denies, in good faith, as the Subject Mark has no commercial value. Thus there is no cause of action.

## SECOND DEFENSE
(Invalid Trademark)

2. Plaintiff's claims are barred in whole or in part because the Subject Mark MEDDPICC is generic and/or lacks necessary distinctiveness to legally function as a source identifier under applicable United States law because it is an acronym for a widely used sales methodology that pre-dates Plaintiff's alleged first use in commerce. The Subject Mark is therefore subject to cancellation. Further, Defendant alleges Plaintiff obtained the registration of the Subject Mark by means

of fraud on the United States Patent and Trademark Office.

## THIRD DEFENSE
(Fair Use)

3. Plaintiff's claims are barred in whole or in part based on the doctrine of fair use, as the wording MEDDPICC is an acronym for a widely used sales methodology and Plaintiff has allowed the use.

## FOURTH DEFENSE
(Abandonment)

4. Plaintiff's claims are barred in whole or in part because Plaintiff has abandoned and/or failed to police its trademarks as evidenced by, *inter alia*, the widespread use of MEDDPICC.

## FIFTH DEFENSE
(No Likelihood of Confusion)

5. Plaintiff's claims are barred in whole or in part because there is no likelihood of confusion caused by Defendant's use due to the nature of how MEDDPICC is used by Plaintiff and third parties.

## SIXTH DEFENSE
(Lack of Standing)

6. Upon information and belief, Plaintiff lacks standing to bring this action because Plaintiff is not the registered owner of the Subject Mark.

## SEVENTH DEFENSE
(No Attorney's Fees)

7. Plaintiff is not entitled to attorney's fees because even in the unlikely event that Plaintiff prevails, this case is not exceptional and the alleged conduct of Defendant is not willful, deliberate, fraudulent, or malicious

## EIGHTH DEFENSE
(No Enhanced Damages)

8. Plaintiff is not entitled to enhanced damages because even in the

unlikely event that Plaintiff prevails, this case is not exceptional and no facts exist to warrant enhanced damages.

### NINTH DEFENSE
(No Punitive Damages)

9. Plaintiff is not entitled to punitive damages neither by statute or common law and/or Plaintiff failed to plead facts sufficient to warrant punitive damages.

### TENTH DEFENSE
(Laches)

10. Plaintiff is barred by the doctrine of laches from asserting all of the claims in the Complaint for failing to prosecute the claim in a timely manner.

### ELEVENTH DEFENSE
(Pre-Emption)

11. Plaintiff's state claims are pre-empted by federal law, including, without limitation, the Lanham Act.

### TWELFTH DEFENSE
(Unclean Hands)

12. Plaintiff's claims are barred in whole or in part as Plaintiff registered MEDDPIC, an acronym for a widely used sales methodology, as a trademark for an anti-competitive purpose.

### THIRTEENTH DEFENSE
(Mootness)

13. Plaintiff's claims are barred or the damages, which Defendant expressly denies and for the purpose of asserting this defense only, must be reduced as Plaintiff's claims are moot. Defendant removed all uses of Plaintiff's Subject Mark, without admitting the validity of the Subject Mark or any liability, which Defendant expressly denies, in good faith, as the Subject Mark has no commercial value.

## FOURTEENTH DEFENSE

(Failure to Acquire Incontestability)

14. Plaintiff's Subject Mark is NOT an incontestable mark pursuant 15 U.S.C. §1065 as its registration date is September 21, 2021. Further, it cannot acquire incontestability as it is a generic mark.

## FIFTEENTH DEFENSE

(Lack of Secondary Meaning)

15. Plaintiff's Subject Mark has not acquired the secondary meaning necessary to be a protectable trademark or source identifier.

## RESERVATION OF RIGHTS

Defendant has insufficient knowledge or information upon which to form a belief as to whether it may have additional, and as yet unstated affirmative defenses available, and reserves the right to assert such additional defenses in the event that further discovery, investigation or analysis warrants.

## DEFENDANT'S PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for judgment that:

1. Plaintiff take nothing by reason of Complaint or any claims stated therein;

2. Complaint and each cause of action contained therein be dismissed against Defendants with prejudice;

3. Defendant recover its costs, disbursements, expenses, and attorneys' fees herein;

4. Plaintiff's claimed rights be declared invalid;

5. The Subject Mark by Plaintiff be cancelled; and

6. The Court grant such other and further legal and equitable relief as it may deem just and proper.

## COUNTERCLAIMS

Defendant and Counterclaimant Saleshood, Inc. counterclaims against

Plaintiff and Counter-Defendant 01Consulting LLC d/b/a MEDDIC Academy and Counter-Defendant Darius Lahoutifard and, in support of same, alleges as follows:

## PARTIES

1. Defendant and Counterclaimant Saleshood, Inc. ("Saleshood" or "Counterclaimant" hereinbelow) is a corporation organized under the laws of Delaware and has an office located at 595 Pacific Avenue, Suite 120, San Francisco, CA 94133.

2. Upon information and belief, Plaintiff and Counter-Defendant 01Consulting LLC ("01Consulting") is a limited liability company, organized and existing under the laws of the State of California, doing business in this judicial district, with a principal place of business located at 1133 Camelback St. #13128, Newport Beach, CA 92658. 01Consulting alleges that it is an exclusive licensee of the Subject Mark (defined below).

3. Upon information and belief, Counter-Defendant Darius Lahoutifard ("Lahoutifard") is an individual residing within this judicial district. Upon information and belief, Lahoutifard is the sole managing member of 01Consulting.

## NATURE OF THE COUNTERCLAIMS AND JURISDICTION

4. Defendant Saleshood brings counterclaims for a declaratory judgment pursuant to 28 U.S.C. § 2201 to declare that it does not violate Counter-Defendants 01Consulting's and Lahoutifard's rights under federal and California law. Pursuant to 15 U.S.C. § 1119 Saleshood further counterclaims to cancel or restrict the Registration of the Subject Mark against Counter-Defendants.

5. The Court has subject matter jurisdiction over the federal counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and pendant jurisdiction over the state-law counterclaims pursuant to 28 U.S.C. §§ 1367.

6. The Court has personal jurisdiction over Counter-Defendants and the venue is proper as a substantial part of the acts and omission giving rise to the Counterclaims occurred within this jurisdiction, and 01Consulting filed the

1  underlying Complaint in the Central District of California.

2  **GENERAL ALLEGATIONS**

3  7.  The wording "MEDDPICC" is an acronym that stands for "Metrics, Economic buyer, Decision criteria, Decision process, Paper process, Identify pain, Champion, and Competition." *See* https://www.variance.com/guides/meddpicc-meddic (last accessed Sept. 25, 2023).

7  8.  There are several other variations of MEDDPICC, such as MEDDIC and MEDDICC. All of these are widely used as a sales methodology or sales qualification methodology. For instance,

- "Whether it's MEDDIC, MEDPICC, or some other combination of d, i, and c, the fundamental idea is the same: a strategic **sales methodology** that helps teams qualify and close deals better and faster."
  [*See* https://www.variance.com/guides/meddpicc-meddic (emphasis added) (last accessed Sept. 25, 2023).]

- "MEDDIC, MEDDICC OR MEDDPICC? MEDDIC (and all of its variations) are a **sales qualification methodology** that's especially useful to B2B enterprise sales organizations. MEDDIC helps organizations to ensure they are working on the right deals and focusing on the right things to win"
  [*See* https://meddicc.com/meddpicc-sales-methodology-and-process (emphasis added) (last accessed Sept. 25, 2023).]

- "The MEDDPICC **sales process** is a B2B sales qualification methodology."
  [*See* https://www.getweflow.com/blog/meddpicc (emphasis added) (last accessed Sept. 25, 2023).]

9.  Upon information and belief, Lahoutifard and 01Consulting knew that MEDDPICC is an acronym and a generic term that refers to a sales methodology that has been widely used for decades by others engaged in a similar business as

11

**SALESHOOD, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS FOR CANCELLATION OF TRADEMARK (8:23-cv-01487-MEMF-JDE)**

01Consulting.

10. In fact, Lahoutifard claims that during his time as an executive at PTC, Lahoutifard, "together with others Sales Leaders at PTC, built the foundation of what is now known as MEDDIC and MEDDPICC **sales methodologies**." A true and correct copy of the relevant portion of DARIUS LAHOUTIFARD'S BIO is attached and incorporated herein by reference as Exhibit "A."

11. In spite of this knowledge that MEDDPICC is a widely used sales methodology, Lahoutifard still filed for the registration of "MEDDPICC" as a trademark on March 24, 2020.

12. Inexplicably, the United State Patent and Trademark Office ("USPTO") issued, and Lahoutifard received, a registration for the wording "MEDDPICC" as a standard character mark (the "Subject Mark").

13. Attached as Exhibit B is a true and correct copy of the Registration Certificate from the USPTO, with the Registration No. 6,489,058 for "MEDDPICC" ("the Registration Certificate"). The Registration Certificate shows that the Registration Date is September 21, 2021 ("the Registration Date").

14. The Subject Mark has not obtained the incontestability. (15 U.S.C. §1065.)

15. According to the Registration Certificate, Lahoutifard sought registration for the Subject Mark in the following two classes:

(1) Class 009 for "downloadable educational e-books in the field of business downloadable educational video recordings featuring business lectures; and

(2) Class 041 for "Education services, namely, providing on-line courses via nondownloadable videos in the field of business; Education services, namely, providing online non-downloadable educational course materials in the field of business; providing online non-downloadable educational e-books in the field of business."

16. According to the Registration Certificate, Lahoutifard claimed that the

first use date of the Subject Mark in CLASS 41 is as early as July 1, 2013. (*See* Exhibit B.)

17. Lahoutifard also claimed that the first use date of the Subject Mark in CLASS 9 is as early as March 24, 2020. (*See* Exhibit B.)

18. However, upon information and belief, MEDDPICC was used by others for its generic meaning at least 10 years before the earliest date of use by Lahoutifard.

19. For example, in a securities litigation filed in the Northern District of California, captioned *In re Nutanix, Inc. Securities Litigation* (CASE NO.: 3:19-cv-01651-WHO), Ms. Betty Chang Rowe, the counsel for defendant Nutanix, Inc., filed a declaration under penalty of perjury in support of Defendants' Motion for Partial Judgment on the Pleadings ("Rowe Decl."). A true and correct copy of the pertinent portion of Rowe Decl. is attached and incorporated herein by reference as Exhibit C.

20. In her declaration, Ms. Rowe attached as Exhibit 2 "a true and correct copy of the S&P Global's Transcript of Nutanix's Analyst Investor Day Conference Call dated March 20, 2019" ("the Nutanix Transcript"). (*See* Exhibit C.)

21. In the Nutanix Transcript, Chris Kaddara, Senior Vice President of Americas Sales, states:

> "Okay. The next piece is quality of sale of the management framework. So the first part starts with deal coaching. Again, this is management philosophy, sales philosophy. There's a coaching mechanism that we use, you can see it on the left-hand side of the slide called **MEDDPICC**. I've been using **this philosophy** going on 16 years now. This is a way that we help our sales teams increase their win rate."
> [*See* Exhibit C, Rowe Decl., Exhibit 2, pg. "Case 3:19-cv-01651-WHO Document 270-1 Filed 05/27/22 Page 50 of 232" (emphasis added).]

22. By his statement, Mr. Kaddara clearly affirms that: (1) "MEDDPICC" is a philosophy; and (2) he (and others) have been using "MEDDPICC" since at

least 2003 (2019 – 16 years = 2003), at least 10 years before Lahoutifard first used MEDDPICC.

23. Notwithstanding the foregoing, without admitting the validity of the Subject Mark or any liability as to 01Consulting's claims of infringement, which Saleshood expressly denies, Saleshood has removed all uses of the Subject Mark in good faith, as the Subject Mark has no commercial value.

## FIRST COUNTERCLAIM

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND UNENFORCEABILITY

24. Counterclaimant incorporates and realleges above paragraphs of the Counterclaims as though fully set forth here.

25. Counter-Defendants Lahoutifard, as the owner of the Subject Mark and via the underlying Complaint, and 01Consulting, as the exclusive licensee of the Subject Mark, have clearly and repeatedly alleged, *inter alia*, that Saleshood's use of the wording "MEDDPICC" would be and is an infringement of Counter-Defendants' claimed trademark rights.

26. Infringement of a registered trademark is actionable under the Lanham Act, 15 U.S.C. § 1114(1), which permits a registrant to commence a civil action in U.S. District Court to obtain, *inter alia*, injunctive relief to prevent violation of any such rights, 15 U.S.C. § 1116; and monetary relief including profits attributable to the infringement, *Id*. at § 1117.

27. Counter-Defendants' allegations constitute a clear, unambiguous claim that Counterclaimant's use of the wording "MEDDPICC" is an infringement of Counter-Defendants' claimed trademark and common law rights, and that Counterclaimant must meet Counter-Defendants' demands or be faced with continued litigation.

28. Counterclaimant has denied that its good faith and fair use of the wording "MEDDPICC," in general, does or will create any likelihood of confusion

with Counter-Defendants or their products or services.

29. The unreasonable demands of Counter-Defendants are intended to disrupt Counterclaimant's lawful business, thereby, requiring an adjudication of the rights of the parties in the dispute identified herein, before Counterclaimant suffers further damage.

30. An actual case or controversy therefore exists within the Court's jurisdiction, concerning the validity of Counter-Defendants' claimed trademark rights, and the respective rights of the parties. *See* 28 U.S.C. §§ 2201, 2202; Fed. R. Civ. P. 57.

31. Counterclaimant's use of the acronym MEDDPICC in general, will not cause consumer confusion, does not infringe upon any registered trademark owned by Counter-Defendants, does not constitute unfair competition under the Lanham Act or California common law of Cal. Bus. & Prof. Code §17200, and does not constitute false designation of origin.

32. Counterclaimant has no adequate remedy at law and therefore seeks declaratory relief as set forth herein.

## SECOND COUNTERCLAIM

## DECLARATORY JUDGMENT OF TRADEMARK INVALIDITY AND CANCELLATION OF TRADEMARKS PURSUANT TO 15 U.S.C. § 1064 and § 1119

33. Counterclaimant incorporates and reallege the above paragraphs of the Counterclaims as though fully set forth herein.

34. The Subject Mark "MEDDPICC" is generic, lacks necessary distinctiveness, and has not acquired a secondary meaning to legally function as a source identifier under applicable United States law.

35. For example, the Subject Mark "MEDDPICC" has been and continues to appear on several websites and in use by businesses that are engaged in the same or similar business as Counter-Defendants, offering sales qualification training,

whether as written materials or as live or recorded webinars.

36. These businesses also continue to affirm that MEDDPICC is a generic sales methodology whose use pre-dates Counter-Defendants' first use in commerce.

37. Even Lahoutifard himself acknowledges that MEDDPICC is a methodology.

38. Counter-Defendants' conduct and threats as complained of herein have caused, and will continue to cause, injury to Counterclaimant.

39. Pursuant to 15 U.S.C. § 1064 and § 1119, Counter-Defendants' Subject Mark should therefore be declared invalid and ordered cancelled, as it is generic and/or lacks necessary distinctiveness to legally function as a trademark under applicable United States law.

40. In addition, incontestable rights have not been acquired in the Subject Mark. Moreover, no such right can be vested in a generic name MEDDPICC, a name for a sales methodology, commonly used by those engaged in the same business as Counter-Defendants.

41. Further, upon information and belief, numerous other people in the sales and business community have been using MEDDPICC for years prior to Counter-Defendants' first use of the Subject Mark.

42. An actual case or controversy therefore exists within the Court's jurisdiction, concerning the validity of Counter-Defendants' claimed trademark rights, and the respective rights of the parties. *See* 28 U.S.C. §§ 2201, 2202; Fed. R. Civ. P 57.

43. Counterclaimant has no adequate remedy at law and therefore seeks declaratory relief against the Counter-Defendants as set forth herein, including, without limitation, cancellation of the Subject Mark.

## PRAYER FOR RELIEF

**WHEREFORE**, the Counterclaimant requests relief as follows:

A. A Declaration of Counterclaimant's lawful right to use the wording

        "MEDDPICC" without complaint or further interference from Counter-Defendants;

B.   A Declaration that Counterclaimant's past and current use of the wording "MEDDPICC" does not infringe upon Counter-Defendants trademark rights in the Subject Mark;

C.   A Declaration that Counterclaimant's use of the wording "MEDDPICC" or similar wording does not create a likelihood of consumer confusion with Counter-Defendants' Subject Mark or with any common law rights of Counter-Defendants;

D.   An Order pursuant to 15 U.S.C. § 1119 to rectify the Principal Register of the United States Patent and Trademark Office canceling Counter-Defendant Lahoutifard's Trademark, and such order shall be certified to the Director, who shall make appropriate entry upon the records of said Office;

E.   A Declaration that this is an "exceptional case" and an award of Counterclaimant's attorneys' fees and costs under 15 U.S.C. § 1117; and

F.   Such other and further relief as this Court shall deem necessary and appropriate.

Dated: September 27, 2023

                      WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                      By: /s/ Peter K. Chu
                          Jura C. Zibas
                          Peter K. Chu
                          Attorney for Defendant
                          Saleshood, Inc.

## DEMAND FOR JURY TRIAL

Defendant/Counterclaimant hereby demands trial by jury on all issues in Complaint/Counterclaims triable to a jury pursuant to F.R.C.P. Rule 38(b).

Dated: September 27, 2023

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: /s/ Peter K. Chu
Jura C. Zibas
Peter K. Chu
Attorney for Defendant
Saleshood, Inc.

# CERTIFICATE OF SERVICE

**USDC – Central District Case No.:** 8:23-cv-01487-MEMF-JDE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is 555 South Flower Street, Suite 2900, Los Angeles, California 90071. My electronic service address is jamie.cho@wilsonelser.com.

On September 27, 2023, I served true copies of the following document(s) described as **ALESHOOD, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS; DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

[X] **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 27, 2023, at Los Angeles, California.

/s/ *Jamie Cho*
_____
Jamie Cho